**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

PATRICK GALVANI,

                Plaintiff - Appellant,

    v.

TOKIO MARINE AND NICHIDO FIRE
INSURANCE CO., LTD.,

                Defendant - Appellee.

No. 12-16627

D.C. No. 4:11-cv-03848-PJH

MEMORANDUM[*]

Appeal from the United States District Court
for the Northern District of California
Phyllis J. Hamilton, District Judge, Presiding

Submitted November 6, 2013[**]
San Francisco, California

Before: FARRIS, FERNANDEZ, and IKUTA, Circuit Judges.

Patrick Galvani appeals the district court's denial of summary judgment to

him and grant of summary judgment to Tokio Marine and Nichido Fire Insurance

Company, his liability insurer, on his declaratory judgment and breach of contract

---

     [*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

     [**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

action based on his insurer's failure to defend or indemnify him in a suit for the wrongful death of his wife. We have jurisdiction under 28 U.S.C. § 1291. We review the district court's judgment *de novo*, and we affirm.

Under California law, "the [initial] burden is on the insured to bring the claim within the basic scope of coverage" by showing that coverage is possible. *Delgado v. Interinsurance Exchange of Automobile Club of S. Cal.*, 211 P.3d 1083, 1090 (Cal. 2009) (quoting *Waller v. Truck Ins. Exchange, Inc.*, 900 P.2d 619, 625 (Cal. 1995)). Galvani's policy covered "damages because of bodily injury or property damage, to which this insurance applies, caused by an occurrence." The policy defined "occurrence" as "an accident." Although the policy did not define "accident," the California Supreme Court has construed the term, as used in a similar policy, to mean "an unexpected, unforeseen, or undesigned happening or consequence from either a known or an unknown cause." *Id.* at 1086 (quoting *Geddes & Smith, Inc. v. St. Paul-Mercury Indem. Co.*, 334 P.2d 881, 884 (Cal. 1959)) (internal quotation marks omitted). When damage "is the direct and immediate result of an intended . . . event," there is no accident. *State Farm Gen. Ins. Co. v. Frake*, 128 Cal. Rptr. 3d 301, 310 (Cal. Ct. App. 2011) (alteration in original) (quoting *Shell Oil Co. v. Winterthur Swiss Ins. Co.*, 15 Cal. Rptr. 2d 815, 838 (Cal. Ct. App. 1993)).

Here, Galvani's wife's death could not have resulted from an accident. The only indication in the record of her cause of death is an autopsy report stating that she died from strangulation. Her death was therefore the direct and immediate result of someone's intentional action, whether or not the perpetrator was Galvani.

Contrary to Galvani's argument, since his wife's death could not have been caused by an accident, it is irrelevant that the complaint alleges he might have killed his wife "negligently." *See Quan v. Truck Ins. Exchange*, 79 Cal. Rptr. 2d 134, 141 (Cal. Ct. App. 1998). Moreover, the fact that Galvani might not have strangled his wife does not make her death an accident. To hold otherwise would be inconsistent with the term's plain meaning, the purpose of the parties in entering into the insurance contract, and California precedent. *See Delgado*, 211 P.3d at 1087-92. Since the complaint does not allege that Galvani engaged in negligent conduct in addition to the conduct resulting in his wife's death, *Horace Mann Insurance Co. v. Barbara B.*, 846 P.2d 792 (Cal. 1993), is distinguishable. In that case, the complaint alleged negligent conduct as well as intentional conduct, so there was a possibility of coverage and thus a duty to defend. Here, there was no possibility of coverage and thus no duty to defend.

**AFFIRMED.**

3